UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
------------------------------------------------------X
David Bansbach,

                Plaintiff,

        -against-

Commercial Recovery Systems, Inc.,

                Defendant.
------------------------------------------------------X

Civil Action No.: 13 cv 61069

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

      Plaintiff David Bansbach ("Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, as and for his Complaint against the Defendant Commercial Recovery Systems, Inc. ("Defendant"), brings this action seeking damages and declaratory relief arising from the Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), and respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.  The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer".  Clomon v. Jackson, 988 F.2d 1314 (2d Cir. 1993).

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.

2.      If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(3).

## PARTIES

4.      Plaintiff is a natural person and at all relevant time herein resided in Gaston County, at 3015 Curtis St. Gastonia, North Carolina 28052.

5.      At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

6.      Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Texas and authorized to conduct business in the State of North Carolina.

7.      Upon further information and belief, Defendant is engaged in the business of collecting debts incurred and alleged to be incurred, for personal, family, or household purposes, and is a collection firm with its principal place of business at 8035 E. R. L. Thornton, #220 , Dallas, TX 75228.

8.      Defendant's registered agent, CT Corporation Systems, Inc. maintains its office at 1200 South Pine Island, Plantation, Florida 33324.

9.      Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

10.     Indeed, upon information and belief, on a website maintained by Defendant at the URL address of www.crsresults.com, Defendant informs visitors to the site "Commercial Recovery Systems (CRS) is a receivables management company offering a performance-based, third party solution for managing and collecting delinquent accounts."

11.     Upon information and belief, Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the requirements of the FDCPA.

12.     Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

13.     Upon further information and belief, at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## FACTS

14.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15.     Upon information and belief, an unknown party allegedly stole the Plaintiff's identity and allegedly incurred an auto loan debt to a creditor unknown to Plaintiff, in or around the year 2005.

16.     Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

17.     Beginning in or about December 2012, Defendant commenced collection activities against Plaintiff to recover an alleged debt (referred to hereinafter as the "Alleged Debt").

18.     In or around December 2012, Defendant started calling Plaintiff on his work number.

19.     In at least one of the communications, Defendant was extremely rude to the Plaintiff.

20.     Plaintiff told Defendant that he did not appreciate Defendant calling his work number, and threatening to take him to court.

21.     Plaintiff stated that as he already told Defendant, Plaintiff's work number is for work only, and that Defendant should not call him at that number.

22.     Plaintiff also stated that he gave Defendant an alternative number where he can be reached, and reiterated that Defendant should not call him at work.

23.     Plaintiff told Defendant that it is illegal for Defendant to call him at his work number, and that Defendant is violating the law.

24.     Defendant responded, condescendingly, that "you are going to tell me what is legal and what is not legal?"

25.     Defendant told Plaintiff that Plaintiff was lying with regard to being a victim of identity theft eight years ago.

26.     Defendant threatened to send Plaintiff's file to Defendant's legal department.

27.     Upon information and belief, the Defendant is not an attorney, does not have a legal department, and could not legally sue the Plaintiff.

28.     Plaintiff repeated that it was not his debt and that he was not going to making payments on a debt that was not his.

29.     Defendant hounded Plaintiff in an attempt to coerce him to agree to make a payment.

30.     Defendant then told Plaintiff that Defendant will fax over documentation to the local police department regarding the Alleged Debt, and the police will go down to Plaintiff's home right then and take a report regarding the identity theft.

31.     Defendant stated that if Plaintiff obtains a report then she will believe him, and that he should call her after the police leaves his home.

32.     Defendant's threatening conduct and abusive behavior was extremely demeaning to Plaintiff, an invasion of Plaintiff's privacy and confidentiality rights.

33.     As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

34.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

### FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692c(a)(3)

35.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36.     Defendant's conduct violated 15 U.S.C. §1692c(a)(3) in that Defendant placed several phone calls to Plaintiff's place of employment after knowing that Plaintiff's employer prohibited such calls.

37.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d

38.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "37" herein with the same force and effect as if the same were set forth at length herein.

39.    Defendant's conduct violated 15 U.S.C. §1692d in that Defendant used conduct the natural consequence of which was to harass, oppress and abuse Plaintiff, when Defendant threatened to send the police down to Plaintiff's home to take an identity theft report, and that Plaintiff was lying with regard to owing the Alleged Debt.

40.    As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e

41.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42.    Defendant's conduct violated 15 U.S.C. §1692e in that Defendant used false, deceptive and misleading representations in attempt to collect a debt in that Defendant kept insisting that Plaintiff was not saying the truth and that Plaintiff owed the Alleged Debt.

43.    As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(2)**

44.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "44" herein with the same force and effect as if the same were set forth at length herein.

45.    Defendant's conduct violated 15 U.S.C. §1692e(2) in that Defendant misrepresented the character, amount and legal status of the debt, stating that the Alleged Debt was owed by Plaintiff when it was informed and knew that the debt was not that of Plaintiff.

46.    As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**FIFTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(3)**

47.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48.    Defendant's conduct violated 15 U.S.C. §1692e(3) in that Defendant misrepresented itself as an attorney by threatening to send documents to Defendant's legal department.

49.    As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**SIXTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(5)**

50.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "49" herein with the same force and effect as if the same were set forth at length herein.

51.     Defendant's conduct violated 15 U.S.C. §1692e(5) in that Defendant threatened to take legal  action it could not legally take and did not intend to take.

52.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SEVENTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(10)

53.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

54.     Defendant's conduct violated 15 U.S.C. §1692e(10) in that Defendant used false representation and deceptive means in an attempt to collect a debt when it told Plaintiff that he is liable to pay for the Alleged Debt after he told Defendant repeatedly that he was a victim of identity theft from about eight years prior.

55.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## EIGHTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f

56.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "55" herein with the same force and effect as if the same were set forth at length herein.

57.     Defendant's conduct violated 15 U.S.C. §1692f in that the Defendant used unfair and unconscionable means in its attempts to collect a debt from the Plaintiff, when it mocked

Plaintiff, used condescending tones, and told Plaintiff that he was lying about his identity being stolen.

58.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### NINTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f(1)

59.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "58" herein with the same force and effect as if the same were set forth at length herein.

60.     Defendant's conduct violated 15 U.S.C. §1692f(1) in that Defendant attempted to collect an amount not owed by Plaintiff.

61.     As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### DEMAND FOR TRIAL BY JURY

62.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff David Bansbach demands judgment from the Defendant Commercial Recovery Systems, Inc., as follows:

A.    For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B.    For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

C.    For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.    For a declaration that the Defendant's practices violated the FDCPA; and,

E.   For any such other and further relief, as well as further costs, expenses and

disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        May 10, 2013

                                    Respectfully submitted,

                            By:   _s/Jerald Alan Belofsky_____
                                   Jerald Alan Belofsky, Esq.
                                   Fredrick Schulman & Associates
                                   Attorneys at Law
                                   Attorney for Plaintiff
                                   30 East 29TH Street
                                   New York, New York 10016
                                   (212) 796-6053
                                   info@fschulmanlaw.com