UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61069-CIV-ZLOCH

DAVID BANSBACH,

    Plaintiff,

vs.  **DEFAULT FINAL JUDGMENT**

COMMERCIAL RECOVERY SYSTEMS,
INC.,

    Defendant.
_____/

THIS MATTER is before the Court upon Plaintiff David Bansbach's Motion For Entry Of Default Judgment (DE 7). The Court has carefully reviewed said Motion, the entire Court file and is otherwise fully advised in the premises.

On or about June 6, 2013, Defendant Commercial Recovery Systems, Inc. was served with a copy of the Summons and Complaint filed herein. See DE 4. This Defendant has failed to file an appropriate Motion or responsive pleading within the time prescribed by law. Further, the Clerk of the United States District Court for the Southern District of Florida has entered Default against it. See DE 6. By the instant Motion (DE 7) Plaintiff David Bansbach now moves for Default Final Judgment.

The well-pleaded allegations made in Plaintiff's Complaint (DE 1) are deemed to have been admitted by Defendant by virtue of its default. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267,

1277-78 (11th Cir. 2005)(citations omitted).  Thus, the Court finds that Defendant made telephone calls to Plaintiff that were in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  See DE 1, ¶ 10.  Plaintiff is entitled to statutory damages in the amount of $1,000.00 for Defendant's violation of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A).

Plaintiff also seeks to recover the attorney's fees and costs incurred in the successful prosecution of this action.  Plaintiff seeks a total award of $3,033.00 for attorney's fees, plus costs in the amount of $457.23.00.

While a party has a right to attorney's fees incurred in the successful prosecution of his claims under the FDCPA, the courts have a corresponding duty to make sure that such an award is reasonable.  See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983)(noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests).  The determination of exactly what amount of fees to award is vested in the sound discretion of the Court.

The guiding light for the Court's analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of the bar to seek out clients and encourage litigation

2

over disputes that otherwise might not reach the courts." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998 & West Supp. 2008).

To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303). Here the Court is satisfied that a reasonable hourly rate for Mr. Jerald Alan Belofsky is $250.00 per hour. The Court also finds that the paralegal rate of $90.00 per hour for work performed by Mr. David Levy is reasonable.

Once the lodestar is set, the Court must determine the

reasonable number of hours expended by Plaintiff's attorney in the successful prosecution of this action.  This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted).  The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant.  See id. at 428.  The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees awarded.  Id.

The Court has carefully scrutinized Plaintiff's filings and finds that 9.45 hours is a reasonable amount of time spent on this case.  Therefore, Plaintiff shall be compensated for attorney's fees in the amount of $2,560.50 and costs in the amount of $457.23.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.  The Court has jurisdiction over the parties hereto and the subject matter herein;

2. Plaintiff David Bansbach's Motion For Entry Of Default Judgment (DE 7) be and the same is hereby **GRANTED;**

4

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff David Bansbach and against Defendant Commercial Recovery Systems, Inc.;

4. Plaintiff David Bansbach does have and recover from Defendant Commercial Recovery Systems, Inc. the sum of $1,000.00 together with interest thereon at a rate of 0.11% per annum, for all of which let execution issue;

5. Plaintiff David Bansbach does have and recover from Defendant Commercial Recovery Systems, Inc. the sum of $3,017.73 in attorney's fees and costs incurred in the successful prosecution of this action, for all of which let execution issue; and

6. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___30th___ day of July, 2013.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:
All Counsel and Parties of Record